UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

        Plaintiff,

v.

WILLIE O. SMITH, *et al.*,

        Defendants.

                                 /

Case No. 1:13-cv-881

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's motion for default judgment against defendant Unknown Clark (docket no. 49).

    **I.**    **Discussion**

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections (MDOC) filed an amended complaint named 12 defendants, alleging that they violated his First, Eighth and Fourteenth Amendment rights. Amend. Compl. (docket no. 7). The Court screened out the Fourteenth Amendment claim, and ordered service on defendants with respect to a First Amendment retaliation claim and an Eighth Amendment deliberate indifference claim. *See* Opinion and Order (docket nos. 8 and 9). One defendant, identified in the amended complaint only as "Unknown Clark CO" executed a waiver of service as "C/O L. Clark." *See* Waiver of service (docket n. 24). Unlike the other defendants, Clark did not join in a waiver of answer to the amended complaint. On June 8, 2015, the Clerk entered a default against "Unknown Clark" pursuant to Fed. R. Civ. P. 55(a). *See* Entry of Default (docket no. 46).

Now, plaintiff seeks entry of a default judgment pursuant to Fed. R. Civ. P. 55(b), which provides as in pertinent part follows:

> **(1) By the Clerk.**  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.**  In all other cases, the party must apply to the court for a default judgment. . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals -- preserving any federal statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

Plaintiff's motion is not subject to entry of a default judgment by the Clerk pursuant to Fed. R. Civ. P. 55(b)(1) because he did not submit the required affidavit.  Even if plaintiff had submitted an affidavit, the Clerk could not enter a default judgment because his claim is not for "a sum certain or a sum that can be made certain by computation." Rule 55(b)(1).  Accordingly, the Court will review plaintiff's motion as a request for entry of a default judgment by the Court pursuant to Fed. R. Civ. P. 55(b)(2).  Under Rule 55(b)(2), the Court is required to exercise "sound judicial discretion" in determining whether judgment should be entered.  *See Commodity Futures Trading Commission v. Aurifex Commodities Research Co.*, 1:06-cv-166,  2008 WL 474227 at *1 (W.D.Mich., Feb.15, 2008). "In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it." *Id.* (internal quotation marks omitted).

In determining whether default judgment is appropriate, the Court should consider such factors as: (1) whether the plaintiff has been prejudiced; (2) the merits of the plaintiff's claim; (3) the amount sought in damages; (4) whether there exists the possibility of a dispute concerning material facts; and (5) whether the default was due to excusable neglect. *Gordon v. Benson*, No. 1:12-CV-295, 2015 WL 926252 at *4 (W.D. Mich. March 4, 2015). In addition, the Court must recognize that "[t]rials on the merits are favored in federal courts." *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 846 (6th Cir. 1983).

Here, the Court concludes that default judgment is not appropriate. First, plaintiff has not identified the defendant. Plaintiff has referred to this defendant as "Unknown Clark CO" and this defendant executed the waiver as "C/O L. Clark". The record does not include this defendant's address or any other identifying information. The Court should not enter a default judgment against defendant based on such a sparse record. Second, plaintiff seeks an astronomical $5,400,000.00 in damages (i.e., $300,000.00 of compensatory damages and $150,000.00 in punitive damages against each defendant). There is no basis in the record to award a default judgment against defendant Clark for this amount. Third, given that plaintiff has sued 11 other defendants in this action and that discovery is not complete, there certainly exists the possibility of a dispute concerning material facts. Given this record, the Court should conduct a hearing to determine the amount of damages, establish the truth of plaintiff's allegations by evidence, and investigate other matters (such as the defendant's full name) before entering a default judgment in this matter. *See* Fed. R. Civ. P. 55(b). Finally, any such hearing should occur after discovery and the resolution of any dispositive motions.

## II.     Recommendation

For these reasons, I respectfully recommend that plaintiff's motion for default judgment against defendant Unknown Clark (docket no. 49) be **DENIED**.


Dated:  November 2, 2015                    /s/ Ray Kent
                                            RAY KENT
                                            United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).