UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES MOORE,

    Plaintiff,

v.                                                          Case No. 1:13-CV-881

WILLIE O. SMITH, et al.,                    HON. GORDON J. QUIST

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On March 3, 2017, Magistrate Ray Kent issued a Report and Recommendation (R & R) recommending that the Court (1) grant Defendants' motion for summary judgement as to all claims except Plaintiff's claim against Defendants Smith, Krick, and Kipp regarding a lack of ventilation; (2) dismiss Plaintiff's First and Eighth Amendment claims against Defendants Smith, Krick and Kipp; and (3) dismiss Defendants Treiweiler, Klatt, Showers, Miller, Christiansen, Sanchez, Clark, Hynesbach and Stott from the action.  (ECF No. 94.)  Defendants and Plaintiff both filed objections to the R & R.  (ECF No. 100, 101.)

Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  After conducting a de novo review of the R & R, the parties' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.  The Court also concludes that Plaintiff's claims for injunctive relief should be denied as moot.

**Defendants' Objections**

*Claims Regarding Ventilation*

The magistrate judge denied Defendants' motion for summary judgment as to Plaintiff's claims regarding improper ventilation because Defendants' brief in support of their motion did not even address the issue. (ECF No. 94 at PageID.634-35.) Defendants raise two "objections" with this part of the R & R, arguing that (1) they are entitled to summary judgment based on qualified immunity; and (2) the claim fails as a matter of law because Plaintiff did not demonstrate deliberate indifference.

The "Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, [but], absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998)). Defendants note that their failure to address the issue before the magistrate judge was "an inadvertent oversight," and that they "genuinely regret the error, and sincerely attempted to address all of the myriad claims raised against 12 separate defendants." (ECF No. 100 at PageID.655-56.) Nonetheless, Defendants fail to offer compelling reason. The Court will not consider this objection.

*Standing*

Defendants' next "objection" is that Plaintiff lacks Article III standing to seek injunctive relief. (ECF No. 100 at PageID.12.) "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v.*

*Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757 (1982)).

"A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. (internal quotation marks omitted). A claim is considered as moot, and must be dismissed, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit.'" *Id*. (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478, 110 S. Ct. 1249, 1254 (1990) (internal quotation marks omitted). And, unlike Defendants' other arguments, the "existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir.2005) (citing *Cmty. Health Plan of Ohio v. Mosser*, 347 F.3d 619, 622 (6th Cir.2003)).

Defendants argue that Plaintiff lacks standing to seek injunctive relief at the Carson City facility because he has been transferred out of that facility. (ECF No. 100 at PageID.12.) Claims seeking injunctive relief are properly dismissed as moot when an inmate-plaintiff is transferred from a facility where a violation takes place to another facility where there is no violation. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Since Plaintiff has been transferred to another facility, his claim for injunctive relief is moot.

### Plaintiff's Objections

*Defendant Clark*

Plaintiff objects to the dismissal of Defendant Clark because (1) Clark's counsel failed to file an attorney appearance and (2) Plaintiff alleges that Clark has been in default since June of 2015. Neither objection has merit. Defense counsel made arguments on Clark's behalf in support of summary judgment (see ECF No. 83 at PageID.295) and this Court did not enter a default judgment

against Clark.  (ECF No. 64.)  Plaintiff is not automatically entitled to a default judgment against a defaulting party, particularly when the evidence shows there is no basis for liability.  This objection is overruled.

### *Defendant Miller*

The R & R recommended summary judgment for Defendant Miller because "Plaintiff testified that RUM Miller is a defendant only because she responded to his grievances… [and a] prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983."  (ECF No. 94 at PageID.626.)  Plaintiff objects to this conclusion, and argues that his testimony was taken out of context, and that Miller is liable because she denied Plaintiff's grievances "at Step II, when the evidence presented was overwhelming [sic] in plaintiff's favor… [and] Miller clearly failed to hold her subordinates accountable whenever she responded to plaintiff's grievances."  (ECF No. 101 at PageID.672.)  Plaintiff cites no portion of the record to support his argument, and "[i]t is well-settled that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior.'" *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009)).  This objection is overruled.

### *Diluted Bleach*

The magistrate judge concluded that Plaintiff failed to satisfy the subjective prong of a deliberate indifference claim because the "record reflects that defendants did not ignore plaintiff's grievance regarding the bleach dilution.  Rather, the grievance was investigated, the problem acknowledged, and DRF staff and prisoners were instructed to use the bleach and other cleaning materials as intended."  (ECF No. 94 at PageID.633.)  Plaintiff objects, and "contends that the Defendants did ignore plaintiffs [sic] grievance regarding the bleach dilution.  The Defendants may

4

have responded on paper to look good but they deliberately failed to respond by continuing to pre-dilute the bleach past the March 23, 2012 date and into 2013." (ECF No. 101 at PageID.675.) Again, Plaintiff fails to cite any affidavit or deposition testimony that supports this account of events. Plaintiff's objection is overruled.

Plaintiff also objects to the magistrate judge's conclusion that he failed to satisfy the objective component of a deliberate indifference claim. Even assuming that to be true, Plaintiff failed to satisfy the subjective component of the Eighth Amendment claim.

*Qualified Immunity*

The magistrate judge recommended against finding that Defendants were entitled to qualified immunity because they simply failed to come forward with any facts or argument suggesting that they were acting within the scope of discretionary authority. (ECF No. 94 at PageID.641.) Plaintiff seems to have misconstrued the R & R, and objects to a recommendation that it did not make: that Defendants are entitled to qualified immunity. Plaintiff's objection is moot.

Therefore,

It is hereby **ORDERED** that the Report and Recommendation (ECF No. 94) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for injunctive relief is **DENIED** as moot.


Dated: March 28, 2017                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE